IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MARQUEZ AND<br>KIMBERLY KEENER,<br><br>　Plaintiffs,<br><br>v.<br><br>PAVEL AILENI, A P<br>TRANSPORTATION, A P TRANPORT<br>LLC AND AUTOBAHN FREIGHT<br>LINES LTD,<br><br>　Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 2:17-cv-00093 |

## DEFENDANTS, PAVEL AILENI, AP TRANSPORTATION, AND AUTOBAHN FREIGHT LINES, LTD.'S, FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, PAVEL AILENI, AP TRANSPORTATION, and UTOBAHN FREIGHT LINES, LTD., file this, their First Amended Answer to the Plaintiffs' Original Petition (with discovery) [*sic*], and would show the Court as follows:

1.　Plaintiffs' first unnumbered paragraph under Section I, pertains to state Court discovery issues and does not require any response.

2.　Upon information and belief, Defendants admit the facts and allegations contained in the Second and Third unnumbered paragraphs of the Plaintiffs' Original Petition.

3.　Defendants admit the facts and allegations in the Fourth unnumbered paragraph of the Plaintiffs' Original Petition.

4.	Defendants deny that AP TRANSPORTATION is a carrier in Absalani, Michigan, but admit the remainder of the facts and allegations contained in the Fifth unnumbered paragraph of the Plaintiffs' Original Petition.

5.	Defendants are without sufficient information to admit or deny the facts and allegations contained in the Sixth unnumbered paragraph of the Plaintiffs' Original Petition.

6.	Defendants admit the facts and allegations contained in the Seventh unnumbered paragraph of the Plaintiffs' Original Petition.

7.	Defendants admit that the case falls within the subject matter jurisdictional limits of the amount in controversy of this Court in response to the Eighth unnumbered paragraph of the Plaintiffs' Original Petition.

8.	Defendants admit that venue is proper in the Southern District of Texas in response to the facts and allegations contained in the Ninth unnumbered paragraph of the Plaintiffs' Original Petition.

9.	With respect to the Tenth unnumbered paragraph of the Plaintiffs' Original Petition, Defendants deny that AP Transport LLC or AP Transportation are motor carriers or are registered with the Federal Motor Carrier Safety Administration.

10.	Defendants further deny that PAVEL AILENI owned AUTOBAHN FREIGHT LINES, LTD. Defendants further deny that Defendant, PAVEL AILENI, was acting as an owner of any of the other Defendants at the time of the incident. Defendants admit that a collision occurred on February 4, 2015 between the Plaintiffs and PAVEL AILENI, in Jim Wells County, Texas, and that the vehicles were traveling northbound on US Highway 281 at the time of the incident. Defendants deny the remainder of the allegations in the Tenth unnumbered paragraph of the Plaintiffs' Original Petition.

11.  Defendants deny the facts and allegations contained in the Eleventh unnumbered paragraph of the Plaintiffs' Original Petition.

12.  Defendants deny the facts and allegations contained in the Twelfth unnumbered paragraph of the Plaintiffs' Original Petition.

13.  The Plaintiffs deny the facts and allegations contained in the Thirteenth unnumbered paragraph of the Plaintiffs' Original Petition.

14.  Defendants deny the facts and allegations contained in the Fourteenth unnumbered paragraph of the Plaintiffs' Original Petition.

15.  The Fifteenth unnumbered paragraph of Plaintiffs' Original Petition under Section VII, Request for Disclosure, is a state Court discovery request form and does not require any response.

16.  The Sixteenth and Seventeenth unnumbered paragraphs of the Plaintiffs' Original Petition contain in Section VIII, entitled, Interrogatories to Defendant Pavel Aileni, are state Court discovery forms and do not require a response.

17.  The Eighteenth unnumbered paragraph of the Plaintiffs' Original Petition under Section IX, entitled, Interrogatories to Defendants AP Transportation, AP Transport LLC and Autobahn Freight Lines, Ltd., is a state Court discovery form and does not require any response.

18.  The Nineteenth and Twentieth unnumbered paragraphs of the Plaintiffs' Original Petition under Section X, entitled Request for Production to All Defendants, are state Court discovery form requests and do not require a response.

19.  With respect to the Twenty-First unnumbered paragraph of the Plaintiffs' Original Petition under Section XI, entitled Prayer, Defendants assert that the Plaintiffs

are not entitled to the relief which they seek and the facts and allegations in the paragraph are accordingly denied.

## AFFIRMATIVE DEFENSES

20. Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, at all times material to Plaintiffs' allegations, Defendants' conduct conformed to the applicable standard of care.

21. Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, Plaintiffs' alleged injuries and damages, if any, resulted from independent, unforeseeable, intervening, and/or superseding causes. Any alleged action or alleged omission on the part of Defendants was not the proximate cause, producing cause, or cause-in-fact of Plaintiffs' alleged injuries or damages.

22. Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, Defendants assert that the occurrence which is the basis of this suit was the result of an unavoidable series of events which could occur without any negligence on the part of the Defendants whatsoever.

23. Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, this action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of the Plaintiffs, and responsible third-parties that may be joined in the suit.

24. Subject to and without waiving their Answer herein before made, Defendants assert that the Plaintiffs' alleged damages, if any, were not proximately caused by an act or omission of Defendants.

25. Subject to and without waiving their Answer herein before made, Defendants assert that the Plaintiffs' claims are barred because Defendants' conduct was not the producing cause, proximate cause, or a cause-in-fact of Plaintiffs' alleged damages.

26. Subject to and without waiving their Answer herein before made, Defendants assert that any particular judgment that might be recovered by Plaintiffs must be reduced by those amounts that have been indemnified, or will be in the future, with reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source, such as insurance.

27. Subject to and without waiving their Answer herein before made, Defendants also assert that Plaintiffs' contributory negligence was the proximate cause of the accident and the Plaintiffs' alleged injuries.

28. Pleading further, Defendants invoke §41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and requests that, to the extent the Plaintiffs seek recovery of medical or healthcare expenses for Plaintiffs, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiffs, respectively, as opposed to the amount charged.

29. Pleading further, Defendants assert that Plaintiffs' alleged injuries and damages, if any, were caused solely or particularly by some third person or third party for whom Defendants are not legally responsible.

30. Pleading further, if the Defendants are found liable for damages, Defendants intend to seek a reduction in the percentage of Plaintiffs' injuries and damages attributed to third parties.

31. Pleading further, Defendants assert that pre-judgment interest, if any, as requested in the Plaintiffs' Original Petition, is limited in accordance with §304.104 *et seq.* of the TEXAS FINANCE CODE.

32. Pleading in the alternative, even if Plaintiffs prove the allegations in their pleadings, Defendants are not liable to Plaintiffs because the Plaintiffs were guilty of acts and omissions of negligence which were the sole cause of the accident at issue in this suit.

33. Defendants reserve the right to file a further Amended Answer in this cause in accordance with the Federal Rules of Civil Procedure.

## FAILURE TO MITIGATE

34. Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, Plaintiffs have failed to mitigate their damages because the Plaintiffs did not act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injures, if any, that resulted from the occurrence in question.

35. Additionally, for any medical care received from January 1, 2014, to the present, Defendants are entitled to a reduction in Plaintiffs' medical expenses due to Plaintiffs' failure to mitigate by failing to comply with federal law under the Affordable Care Act, also known as "Obamacare", and purchase insurance and submit their bills under the medical insurance policy required by federal law.

36. Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving the same, Plaintiffs have failed to mitigate their damages because the Plaintiffs and/or their attorneys paid and/or agreed to pay medical expenses incurred by the Plaintiffs, through a "letter of protection" and/or a contractual

agreement tied to the outcome of this suit, and failed to make challenges to the reasonableness of any of those charges or negotiate a reduced rate from the healthcare providers. Such steps would have been done by a reasonable third party payor under these circumstances, and the Plaintiffs have instead paid and/or agreed to pay full charges for any of the medical services rendered in an effort to enhance the recoverable medical healthcare expenses under Section 41.0105. The Plaintiffs have increased her damages rather than take reasonable steps to ensure that the reasonableness of these charges incurred and mitigate their economic damages.

## IV. CONCLUSION

37.   Defendants pray that upon the final trial hereof Plaintiffs take nothing against Defendants. Further, Defendants ask the Court to enter Judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendants all other relief to which they are entitled.

38.   Further, Defendants pray that depending upon the evidence adduced at trial that if Defendants are determined to be responsible to Plaintiffs, which is denied, that they be awarded a credit for the total sum of all dollar amounts of settlements received by and/or agreed to be paid to Plaintiffs as result of the occurrence(s). Further, Defendants pray that the percentages of responsibility of Plaintiffs, each Defendant, each settling person, and each Responsible Third-Party should, depending upon the evidence adduced at trial, be submitted to the jury for determination.

39.   Defendants also pray for such other and further relief to which they are justly entitled at law and in equity.

Respectfully Submitted,

**THE BASSETT FIRM**

*/s/ Ron T. Capehart*
**MIKE H. BASSETT**
SBN: 01890500
mbassett@thebassettfirm.com
**RON. T. CAPEHART**
SBN: 24009939
rcapehart@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile

**ATTORNEY FOR DEFENDANTS,
PAVEL AILENI, A P TRANSPORTATION,
AND AUTOBAHN FREIGHT LINES LTD**

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he caused a true copy of this document to be forwarded to all counselors of record on this 15th day of May, 2017, via the Court's electronic filing system, pursuant to the Texas Rules of Civil Procedure and the Federal Rules of Civil Procedure:

*/s/ Ron T. Capehart*
**RON T. CAPEHART**